UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* BRIAN WALL,<br><br>      Plaintiff,<br><br>v.<br><br>CIRCLE C CONSTUCTION, LLC,<br>PHASE TECH, LLC<br><br>      Defendants. | Civil Action No._____ |

## COMPLAINT FOR VIOLATIONS OF
## FEDERAL FALSE CLAIMS ACT

The Plaintiff, United States of America, *ex rel.* Brian Wall, through his attorneys of record, sues the Defendants, CIRCLE C CONSTRUCTION, LLC ("Circle C"), and PHASE TECH, LLC ("Phase Tech") and for its causes of action states as follows:

### PARTIES

1. This is an action to recover damages and civil penalties for multiple false claims for payment made by the Defendants, acting individually and jointly, to the United States Government or to an agent of the armed forces brought under the Federal False Claims Act ("FCA"), 31 U.S.C 3729 *et seq.* for work performed at Ft. Campbell Military Base located in Tennessee and Kentucky.

2. Brian Wall ("Relator") brings this action on behalf of the United States Government. Brian Wall is a resident of Tennessee and his current address is 2489 Shelton Ferry Road, Southside, TN 37171.

3. The Defendant, Phase Tech Constructors, LLC, is a for-profit Kentucky Limited Liability Corporation and has appointed Charles Richard Cooper, Jr. as its registered agent for service of process with an address of 750 Coal Bank Road, Sharon Grove, KY 42280. Phase Tech, LLC is authorized to conduct and has conducted business in the state of Tennessee at times material hereto.

4. Defendant, Circle C Constructors, is a for-profit Kentucky Limited Liability Corporation and has appointed Wayne D. Cates as its registered agent for service of process with an address of 816 Meadow Lane, Russellville, KY 42276. Circle C Constructors, LLC is authorized to conduct and has conducted business in the state of Tennessee at times material hereto.

5. Whenever the term "Defendants" is used, it shall be deemed to mean the Defendants acting jointly, either directly or indirectly and as contemplated by the provisions of the Davis-Bacon Act.

6. Whenever the terms misrepresentation, representation, act, transaction of any of the Defendants in this Complaint, it shall be deemed to mean that any of the Officers, Directors, Agents, Managers, Employees, while actively engaged in the course and scope of their employment did or authorized such actions on behalf of Defendants.

**JURISDICTION/VENUE**

7. The causes of action in this Complaint arise from falsely submitted claims to the Government made by the Defendants on and around the Ft. Campbell area located on the border of Tennessee and Kentucky. This Court has jurisdiction pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331.

8. Defendants are qualified to conduct and have conducted business in this District. Many of the acts and transactions providing the basis for this action occurred in this Judicial District and a substantial portion of the property that is the subject matter of this litigation is in this Judicial District. Accordingly, venue is appropriate in the Middle District of Tennessee under 31 U.S.C § 3732(a) and 28 U.S.C. 1391(b)(2).

## OVERVIEW AND FACTS

9. The False Claims Act ("The Act"), 31 U.S.C. § 3729 *et seq*, was originally enacted during the Civil War in 1863. It has since been substantially amended to enhance the government's ability to recover losses sustained as a result of fraud against it and provides a private cause of action for individuals to bring a claim on behalf of the United States America. 31 U.S.C. § 3729 provides:

> (a) Liability for Certain Acts — Any person who —
>
> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
>
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
>
> (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;
>
> (4) has possession, custody, or control of property or money used, or to be used, by the Government and, intending to defraud the Government or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;
>
> (5) authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending

to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(6) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge the property; or

(7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government, is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person, except that if the court finds that —

(A) the person committing the violation of this subsection furnished officials of the United States responsible for investigating false claims violations with all information known to such person about the violation within 30 days after the date on which the defendant first obtained the information;

(B) such person fully cooperated with any Government investigation of such violation; and

(C) at the time such person furnished the United States with the information about the violation, no criminal prosecution, civil action, or administrative action had commenced under this title with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation; the court may assess not less than 2 times the amount of damages which the Government sustains because of the act of the person. A person violating this subsection shall also be liable to the United States Government for the costs of a civil action brought to recover any such penalty or damages.

(b) Knowing and Knowingly Defined — For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information —

(1) has actual knowledge of the information;

(2) acts in deliberate ignorance of the truth or falsity of the information; or

(3) acts in reckless disregard of the truth or falsity of the information, no proof of specific intent to defraud is required.

(c) Claim Defined — For purposes of this section, "claim" includes any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

10. The Act further provides at 31 U.S.C. § 3802 that:

(a)(1) Any person who makes, presents, or submits, or causes to be made, presented, or submitted, a claim that the person knows or has reason to know--

(A) is false, fictitious, or fraudulent;

(B) includes or is supported by any written statement which asserts a material fact which is false, fictitious, or fraudulent;

(C) includes or is supported by any written statement that--

(i) omits a material fact;

(ii) is false, fictitious, or fraudulent as a result of such omission; and

(iii) is a statement in which the person making, presenting, or submitting such statement has a duty to include such material fact;

or

(D) is for payment for the provision of property or services which the person has not provided as claimed shall be subject to, in addition to any other remedy that may be prescribed by law, a civil penalty of not more than $5,000 for each such claim. Except as provided in paragraph (3) of this subsection, such person shall also be subject to an assessment, in lieu of damages sustained by the United States because of such claim, of nor more than twice the amount of such claim, or the portion of such claim, or the portion of such claim, which is determined under this chapter to be in violation of the preceding sentence.

5

(2) Any person who makes, presents, or submits, or causes to be made, presented, or submitted, a written statement that—

(A) the person knows or has reason to know--

(i) asserts a material fact which is false, fictitious, or fraudulent; or

(ii)(I) omits a material fact; and

(II) is false, fictitious, or fraudulent as a result of such omission;

(B) in the case of a statement described in clause (ii) of subparagraph (A), is a statement in which the person making, presenting, or submitting such statement has a duty to include such material fact; and

(C) contains or is accompanied by an express certification or affirmation of the truthfulness and accuracy of the contents of the statement, shall be subject to, in addition to any other remedy that may be prescribed by law, a civil penalty of not more than $5,000 for each such statement…

11. The Act at 31 U.S.C. § 3730(b) provides:

Civil actions for false claims

(b) Actions by private persons.—

(1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

(2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

(3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). Any such motions may be supported by

affidavits or other submissions in camera. The defendant shall not
be required to respond to any complaint filed under this section until
20 days after the complaint is unsealed and served upon the
defendant pursuant to Rule 4 of the Federal Rules of Civil
Procedure.

(4) Before the expiration of the 60-day period or any extensions
obtained under paragraph (3), the Government shall--

(A) proceed with the action, in which case the action shall be
conducted by the Government; or

(B) notify the court that it declines to take over the action, in which
case the person bringing the action shall have the right to conduct
the action.

(5) When a person brings an action under this subsection, no
person other than the Government may intervene or bring a related
action based on the facts underlying the pending action.

12.     The Davis-Bacon Act requires contractors with the Government to pay workers the prevailing wages, without deduction and without exception and the contractor must also certify to the Government that it pays all employees prevailing wages. Specifically, the Davis-Bacon Act, 40 U.S.C. § 3142 provides:

Rate of wages for laborers and mechanics

(a) Application.--The advertised specifications for every contract in
excess of $2,000, to which the Federal Government or the District
of Columbia is a party, for construction, alteration, or repair,
including painting and decorating, of public buildings and public

works of the Government or the District of Columbia that are
located in a State or the District of Columbia and which requires or
involves the employment of mechanics or laborers shall contain a
provision stating the minimum wages to be paid various classes of
laborers and mechanics.

(b) Based on prevailing wage.--The minimum wages shall be based
on the wages the Secretary of Labor determines to be prevailing for
the corresponding classes of laborers and mechanics employed on
projects of a character similar to the contract work in the civil
subdivision of the State in which the work is to be performed, or in
the District of Columbia if the work is to be performed there.

(c) Stipulations required in contract.--Every contract based upon the specifications referred to in subsection (a) must contain stipulations that--

(1) the contractor or subcontractor shall pay all mechanics and laborers employed directly on the site of the work, unconditionally and at least once a week, and without subsequent deduction or rebate on any account, the full amounts accrued at time of payment, computed at wage rates not less than those stated in the advertised specifications, regardless of any contractual relationship which may be alleged to exist between the contractor or subcontractor and the laborers and mechanics;
(2) the contractor will post the scale of wages to be paid in a prominent and easily accessible place at the site of the work; and
(3) there may be withheld from the contractor so much of accrued payments as the contracting officer considers necessary to pay to laborers and mechanics employed by the contractor or any subcontractor on the work the difference between the rates of wages required by the contract to be paid laborers and mechanics on the work and the rates of wages received by the laborers and mechanics and not refunded to the contractor or subcontractors or their agents.

13. Based on the forgoing Acts, Relator seeks to recover damages, civil penalties, and attorneys' fees for Defendants' multiple submissions of false claims to the Government, as set forth herein.

## THE GOVERNMENT CONTRACT

14. In 2002, the United States Government, through the Directorate of Contracting, sought bids on a project to erect pre-engineered steel buildings at Ft. Campbell military base.

15. On October 28, 2002, Defendant, Circle C bid on that Government Contract.

16. The contracting officer, Roy F. Murray, awarded the Contract to Circle C on March 4, 2003 in the amount of $1,925,047.00. (Exhibit 1, Contract, pp.1-2).

17. Circle C was the general contractor on the job and has also been awarded other contracts to perform work for the United States Government, at times material hereto.

18. Circle C and all subcontractors were required to comply with all provisions of the Davis-Bacon Act and the Davis-Bacon Act was an express term of the Contract at 52.222-6. (Exhibit 1, p. 232).

19. The Contract requires all workers must be paid the prevailing wage rate, according to their job classifications and in accordance with the Davis-Bacon Act. (Exhibit 1, p. 232).

20. Wage determinations are included as an express condition of the contract, as determined by the Department of Labor.

21. These wage determinations represent the "prevailing wage" for each classification of worker and are the wages Circle C, and any subcontractor, was required to pay its workers. As indicated in the contract, the wage determinations were determined by the Department of Labor as follows:

Kentucky

| | | | |
|---|---|---|---|
| 1) | Asbestos workers | 16.5 | 3.71 |
| 2) | Boilermaker | 20.75 | 5.56 |
| 3) | Bricklayer etc. | 15.57 | 1.5 |
| 4) | Carpenter | 15.39 | 2.80 |
| 5) | Electrician | | |
| | Wiremen | 19.19 | 3.94 |
| | Cable spl. | 19.44 | 3.98 |
| 6) | Elevator Mechanics | 12.62 | 3.29 |
| 7) | Glaziers | 12.5 | 1.12 |
| 8) | Ironworkers | 14.06 | 2.71 |
| 9) | Millwrights: | | |
| | New work | 16.24 | 2.80 |
| | Repair work | 15.27 | 2.80 |
| 10) | Painters | | |

9

|   |   | Brush | 10.00 | 1.65 |
|---|---|---|---|---|
|   |   | Sprayer | 10.50 | 1.65 |
| 11) | Piledrivermen | | | |
|   |   | New work | 15.89 | 2.80 |
|   |   | Repair work | 15.10 | 2.80 |

22. As the primary contractor and as the party to the contract to the United States Government, Circle C owed a non-delegable duty to all workers on the job to ensure they were paid the prevailing wages, in accordance with the terms of the contract. The duty to pay workers prevailing wages exists regardless of whether workers are paid by the general contractor or by a sub-contractor.

23. Phase Tech was a subcontractor or similar entity on the job. Circle C hired Phase Tech to perform electrical work, at all times material hereto.

24. Relator, Brian Wall, began work on the project in July, 2004. He was employed by Phase Tech and Circle C. Phase Tech was the electrical subcontractor for Circle C on the project.

25. Brian Wall's was employed as an electrician on the project and his responsibilities included running conduit, pulling wire, installing fire alarms, placing electrical panels, wiring office lighting and fixtures and grounding the building.

26. As an electrician, the prevailing wage determination for his job classification was $19.19 per hour and an additional 3.94 in fringes totaling $23.13 in hourly compensation.

27. Phase Tech and/or Circle C paid an hourly rate of $16.00 to Brian Wall for work performed on the Kentucky side and a lower rate for work he performed on the Tennessee side.

10
Case 3:07-cv-00091   Document 1   Filed 01/25/07   Page 10 of 15 PageID #: 10

28. Circle C and/or Phase Tech also hired Ryan McPherson to work as an electrician on the project. Ryan McPherson began work on or about September 10, 2004 and continued to work until about May, 2005. His responsibilities included running conduit, pulling wire, installing fire alarms, placing electrical panels, wiring office lighting and fixtures and grounding the building. Ryan McPherson was also paid an hourly rate of $16.00 for work her performed on the Kentucky side.

29. During Mr. Wall and Mr. McPherson's employment on this job, the Defendants, either acting individually or collectively, did not pay these workers the prevailing wages for their respective job classifications, although the Defendants certified that they did to the United States Government.

30. Defendants were required to and did make wage certification statements to the Government stating all workers were paid the prevailing wage rate for their respective job classifications. These representations were in addition to the Contractual representation Circle C made to the Government that workers would be paid the prevailing wage rate for their respective job classifications. The Defendants did make false certifications and claims for payments on numerous occasions from the time the contract was awarded on March 4, 2003 until the completion of the job.

31. For work performed on the Tennessee side of the project, the Defendants improperly withheld what they claimed to be "state income tax" from Brian Wall, Ryan McPherson and other workers' payments, despite the fact there is no state income tax in the state of Tennessee.

32. Defendants had actual knowledge that the representations to the Government were false and they intended to deceive the Government in making these representations and to profit from them. The Government reasonably relied on these misrepresentations. In the alternative, Defendants acted with a reckless disregard for the truth of the information contained in the representations made to the Government in the wage certifications.

33. The Defendants profited by retaining the difference between the amount they claim was paid to the workers and the amount that was actually paid.

34. The misrepresentations of payments to the Government were widespread and discovery will reveal additional misrepresentations and deceptions made by Defendants to the Government.

35. As a result of these misrepresentations, the Government has been damaged and has paid a higher amount for wages that were not paid to the workers.

36. Relator has direct and personal knowledge of the true set of facts that Defendants did not pay the employees the prevailing wage rates as contractually required and by the provisions of the Davis-Bacon Act. Relator received paychecks indicating he personally did not receive the prevailing wage and also has personal knowledge of the widespread and systematic practice of failing to pay employees the prevailing wage and also has direct and personal knowledge of Defendants' false representation to the Government that it did pay prevailing wages.

37. The facts upon which Relator relies in bringing this action have not been

previously disclosed to the public, and Relator is an original source within the meaning of the False Claims Act.

## COUNT I – VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT

38.     Paragraphs 1-37 are hereby incorporated fully by reference and re-alleged verbatim.

39.     Circle C, by executing the Contract, was legally obligated to pay the prevailing wages to all laborers and mechanics on this project.  By executing the document, Circle C represented to an Agent of the Government and/or Armed Forces that Circle C would pay the prevailing wages to all such employees regardless of whether they were employed by Circle C or by a subcontractor and also regardless of any alleged legal relationship between Circle C and any of its subcontractors.

40.     Every contractor and/or subcontractor must also provide a wage statement to the Government showing the wages paid to the employees for the week.  Defendants fraudulently certified its payrolls to the Government or to an Agent of the Armed Services.

41.     The above acts violate 31 U.S.C. § 3729 *et seq* and 31 U.S.C. § 3801 *et seq*.

## DAMAGES/DEMAND FOR RELIEF

42.     As a result of the Defendants wrongful acts, Plaintiff has been damaged and has paid excess money amounting to the difference between the represented wages and the wages actually paid by Defendants to employees.

43.     Accordingly, Plaintiff demands judgment be entered against the

Defendants for and statutory damages be awarded in the amount of not less than $5,000 and no more than $10,000.00 for each and every incident of false certification to the Government and underpayment to relator and to each and every employee on this job who was not paid prevailing wages plus three times the amount of damages which the United States Government has sustained as a result thereof.

44. Plaintiff demands statutory damages be awarded as well as reasonable attorneys' fees as provided for by the Federal False Claims Act.

45. Plaintiff demands a monetary judgment be entered against the Defendant for violations of the Federal False Claims Act and in accordance with any other remedy available at law.

46. Plaintiff further requests an award of all costs of this litigation and any other relief allowed for by law or equity.

### JURY DEMAND

47. Plaintiff demands a jury trial on all issues contained herein.

          Respectfully submitted,

          **HIGGINS, HIMMELBERG & PILIPONIS PLLC**

*Jonathan Street w/ express perm.*

James Sewell Higgins, BPR # 16142
Jonathan Allen Street, BPR # 21712
116 Third Avenue S
Nashville, TN 37201
(615) 353-0930
(615) 353-0963 (fax)

CRAFT & SHEPPARD, P.L.C.

Perry A. Craft, BPR # 6056
Matthew E. Wright, BPR #022596
214 Centerview Drive, Suite 233
Brentwood, TN 37027
(615) 309-1707
(615) 309-1717 (fax)
*Attorneys for Plaintiff*

Dated: January 24, 2007.