UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| *ex rel.* BRIAN WALL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:07-cv-00091 |
| ) | JURY DEMANDED |
| v. ) | |
| ) | |
| CIRCLE C CONSTRUCTION, LLC, ) | |
| PHASE TECH, LLC, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT, PHASE TECH, LLC, TO THE AMENDED COMPLAINT

COMES NOW the Defendant, Phase-Tech, LLC (hereafter "Defendant"), by and through counsel, and for an Answer to the Amended Complaint (hereinafter "Complaint") in this action states as follows:

1. This Defendant admits the allegations set forth in the first and third grammatical sentences of Paragraph 1 of the Complaint but denies all allegations set forth in the second grammatical sentence of same.

2. Regarding the allegations of jurisdiction set forth in Paragraph 2 of the Complaint, Defendant avers that there is insufficient information at this time to either admit or deny the allegations of proper jurisdiction and venue over this action as the specific location of the properties at issue under this government contract are unknown and may not lie in Tennessee. Therefore, all allegations are denied except to the extent that it is alleged that federal district courts have original jurisdiction over claims brought pursuant to the Federal False Claims Act.

1

Defendant further denies that this Court has jurisdiction over the common law claims alleged herein.

3. Regarding the allegations set forth in Paragraph 3 of the Complaint, Defendant is without information sufficient to either admit or deny the allegations of proper venue. Defendant further avers that no address was set forth in Paragraph 3 to the property referenced in this judicial district by the Plaintiff.

4. Defendant is without information sufficient to either admit or deny the allegations of timeliness set forth in Paragraph 4 of the Complaint.

5. Upon information and belief, Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6. Upon information and belief, Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Upon information and belief, Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint and avers it, Phase Tech, LLC, is a Kentucky Limited Liability Corporation that conducts business in both Tennessee and Kentucky.

9. In regards to the allegations set forth in Paragraph 9 of the Complaint, Defendant avers that Davis-Bacon Act speaks for itself in its requirements, and this Defendant admits only those allegations in Paragraph 9 which are consistent with the Act itself. Remaining allegations, including general "deduction" prohibition allegation are denied.

10. This Defendant admits only the allegations set forth in Paragraph 10 of the Complaint which are consistent with the provisions of the Davis-Bacon Act and the Copeland

Anti-Kickback Act speak which require prevailing wages to be paid, payroll records to be kept, and certification to be made. All allegations set forth herein which are inconsistent with those statutory provisions are denied.

12. In response to the allegations of in Paragraph 12 of the Complaint, Defendant admits only that the subject contract did exist between Circle C Construction and the United States Government to construct buildings on Fort Campbell military base and is dated March 4, 2003. Defendant is without sufficient knowledge to admit or deny the remaining allegations therein.

13. In response to the allegations set forth in Paragraph 13 of the Complaint, this Defendant is without sufficient knowledge to either admit or deny the truth of same.

14. Upon information and belief, Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Upon information and belief, Defendant admits the allegations in Paragraph 15 of the Complaint.

16. In response to the allegations set forth in Paragraph 16 of the Complaint, this Defendant admits only that the Department of Labor sets the prevailing wages and prevailing wage were required to be paid to the employees working under the contract. Defendants admit that there a Kentucky prevailing wage schedule was set forth in the contract. All remaining allegations are denied.

17. In response to the allegations set forth in Paragraph 17 of the Complaint, Defendant is without sufficient knowledge to admit or deny the allegations intended for Circle C as set forth in the first grammatical sentence of same but admits allegations of second grammatical sentence.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint except that it admits Phase Tech, LLC was contracted by Circle C to perform electrical work under the subject contract.

19. In response to the allegations set forth in Paragraph 19 of the Complaint, Defendant is unable to determine what project plaintiff is referring to in the first grammatical sentence of the paragraph and as such can neither admit nor deny the allegation as there were many "projects" under this contract. Defendant admits that it directly employed the Relator and the Relator did work on at least one "project" under the government contract at issue. Defendant denies that the Relator was employed as an electrician on any project while employed by Phase Tech, LLC. Defendant avers that Mr. Cooper was the only "electrician" employed by Phase Tech during this time. Defendant admits that the Relator did work under Mr. Cooper as a laborer from September 2004 until April of 2005, and that the Relator did at times assist Mr. Cooper in the duties set forth in the second part of the third grammatical sentence of Paragraph 19. All other allegations set forth in Paragraph 19 are denied.

20. In response to the allegations in Paragraph 20 of the Complaint, Defendant admits that Kentucky's prevailing rate schedule sets forth the a $ 19.19 per hour wage for a wireman electrician with an additional $ 3.94 per hour in fringe benefits for a total of $ 23.13 per hour of pay for an electrician. Defendant denies that the Relator was ever employed as an electrician.

21. In response to the allegations set forth in Paragraph 21 of the Complaint, Defendant admits that it did pay the Relator $ 16.00 per hour for work performed for Phase Tech beginning on or about January 28, 2005. All other allegations are denied.

22. In response to the allegations set forth in Paragraph 22 of the Complaint, Defendant admits only that it did employ Ryan McPherson and that Ryan McPherson did

perform work under this contract.  Defendant further admits that beginning in January 2005, Ryan McPherson was paid $ 16.00 per hour for work performed for Phase Tech but Defendant denies Ryan McPherson was hired as an electrician as it relates to this lawsuit.  Defendant admits that on occasion, Ryan McPherson did assist the electrician, Mr. Cooper, perform the tasks listed in the third grammatical sentence of Paragraph 22 and aver that Ryan McPherson worked in both Tennessee and Kentucky.  All remaining allegations are denied.

23. Defendant admits the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant is without information sufficient to admit or deny the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant is without information sufficient to admit or deny the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. In response to the allegations set forth in Paragraph 27 of the Complaint, Defendant is without information sufficient to admit or deny what the United States "believes" they will find and denies that Phase Tech committed any wrong doing alleged herein.

28. Defendant is without information sufficient to admit or deny the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant is without information sufficient to admit or deny the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. In response to the allegations set forth in Paragraph 31 of the Complaint, Defendant is without information sufficient to admit or deny what the United States "believes" they will find but denies all allegations of wrongdoing of Phase Tech alleged therein.

32. Defendant is without information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint as to what the United States would or would not have done. However, Defendant denies all allegations of wrongful conduct alleged against it therein.

33. Defendant incorporates herein by reference all responses and defenses set forth above to Paragraphs 1-32 of the Complaint in response Paragraph 33.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint and Defendants strict proof thereof.

36. Defendant incorporates herein by reference all responses and defenses set forth above to Paragraphs 1-35 of the Complaint in response Paragraph 36.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant incorporates herein by reference all responses and defenses set forth above to Paragraphs 1-37 of the Complaint in response Paragraph 38.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint and Defendants strict proof thereof.

41. In response to Plaintiff's "Prayer for Relief" and all subparts set forth in Paragraph 41 of the Complaint, Defendant denies all wrongful conduct by it, denies the Plaintiff is entitled to the relief sought and demands strict proof thereof.

42. All other allegations set forth in the Amended Complaint no herein previously admitted, denied or explained are now denied in whole and in part.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief may be granted as to this Defendant as Plaintiff has failed to set forth any actionable conduct by Phase Tech which would be a false representation to the government, a means of being unjustly enriched or how Phase Tech contributed to the alleged payment by mistake. Defendant further avers that this action cannot be maintained against this Defendant as allegations of what the Plaintiff believes will be found are not allegations sufficient to state a claim for relief.

2. Defendant, Phase Tech, LLC, paid Relator Brian Wall and all other employees the appropriate wage for his respective classification and location in which he worked.

3. Defendant, Phase Tech, LLC, made no false claims or representations to the United States Government or any part thereof.

4. If false claims or representations were made by Circle C involving the subcontract with Phase Tech and/or its employees, Phase Tech was not privy to, made a part of and neither was it aware of any such representations, true or false, being made to the government.

5. The contracting officer and inspectors which worked for the United States Government and which were involving in overseeing and inspecting the building projects under this contract on which Phase Tech worked, were fully aware of Phase Tech's work and performance on these projects and the identity of Phase Tech and its employment was not hidden from the government at any time.

6. Should false claims or representations be proven to have been made by this Defendant, Defendant did not "knowingly" make said false claims or representations.

7. Defendant asserts fault on Defendant Circle C Construction under the doctrine of comparative fault if it is determined that this committed any wrong doing alleged.

8. Since the physical address of the job site is not set forth in the Complaint, Defendant avers this Court lacks jurisdiction.

9. Defendant further asserts all statutory defenses afford it under 31 U.S.C. § 3729 including but not limited to subsection (e) involving representations made under the Internal Revenue Code.

10. Finally, Defendant avers that neither the Relator Brian Wall nor the US Government has been damaged by any action or omission by Defendant Phase Tech, LLC, and this claim should therefore be dismissed.

11. Defendant Phase Tech, LLC was at no time unjustly enriched by any act alleged herein or any payment of the government under the contract.

12. Defendant avers that no payment by mistake was made by the government to its detriment as a result of any conduct by Phase Tech in its work under this contract.

13. Defendant avers that this action is not properly before this Court if the investigatory requirements of such Federal False Claims actions has not been met.

14. Defendant avers that the Court lacks jurisdiction to hear the state claims in this action.

WHEREFORE, Defendant Phase Tech, LLC, prays that the action be dismissed against it and costs be assessed against the Relator and the United States. Defendants further request it be granted all other relief that this Court finds is justly due.

    Respectfully submitted,

    BATSON, NOLAN, PEARSON,
    MILLER & JOINER

    By:    s/Mark Nolan
        Mark Nolan, BPR No. 015859

8
Case 3:07-cv-00091   Document 46   Filed 11/14/08   Page 8 of 9 PageID #: 648

By:    s/Jennifer A. Deen<br>
Jennifer A. Deen, BPR No. 024961<br>
121 South Third Street<br>
P.O. Box O<br>
Clarksville, Tennessee 37040<br>
(931) 647-1501<br>
Email: jadeen@batsonnolan.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been delivered to the following person via the Court's electronic filing system or other appropriate means:

Ellen Bowden McIntyre
Office of the United States Attorney
110 Ninth Avenue, South, Suite A961
Nashville, TN 37203-3870

James Sewell Higgins
Jonathan Allen Street
Higgins, Himmelberg & Piliponis
116 Third Avenue S
Nashville, TN 37201

Perry A. Craft
Matthew E. Wright
Craft and Sheppard
214 Centerview Drive, Suite 233
Brentwood, TN 37027

Sean Nilsen
(need good address - mail has been returned)

This the ___ day of November, 2008.

BATSON, NOLAN, PEARSON,<br>
MILLER & JOINER<br>
<br>
By:    s/Jennifer A. Deen<br>
Jennifer A. Deen