IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>ex rel. BRIAN WALL, )<br>          Plaintiff, )<br>v. )<br> )<br>CIRCLE C CONSTRUCTION, LLC, and )<br>PHASE TECH, LLC )<br>          Defendants ) | Docket No. 3:07-0091<br>JUDGE HAYNES |

**CIRCLE C CONSTRUCTION, LLC'S
MOTION TO STRIKE PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
OR IN THE ALTERNATIVE, CIRCLE C'S
RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant, Circle C Construction, LLC ("Circle C" or "Defendant"), by and through counsel, moves to strike Plaintiff's motion for summary judgment or in the alternative, responds to Plaintiff's motion for summary judgment.

**I.    MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

Plaintiff's motion for summary judgment is based on allegations that have not been alleged in the Amended Complaint (hereinafter the "Complaint"). The only specific allegation asserted against Circle C in the Complaint is a general allegation that Circle C somehow violated the Davis-Bacon Act (40 U.S.C. § 3142) in a contract regarding the construction of pre-engineered metal buildings at Fort Campbell, Kentucky pursuant to Contract No. DABK09-D-003 (hereinafter the "DPW Requirement Contract") (D. #39

Amended Complaint & Exhibit 1). In order to comply with Federal Rule of Civil Procedure (hereinafter "Rule") 9(b) a False Claims Act complaint must be pled with particularity. Plaintiffs must allege "the who, what, when, where, and how" of the alleged fraud. Plaintiff has failed to comply with Rule 9(b) as the Complaint does not raise any allegations regarding any of the certified payrolls submitted by Phase Tech, LLC which are now the primary basis of the Plaintiff's alleged false claims act violations. To the contrary, the Amended Complaint specifically states that Phase Tech never submitted any payroll certificates. Paragraph 30 of the Amended Complaint states in full:

> 30. Phase Tech did not file any payroll certifications for this government contract.

(Docket # 39, ¶ 30 (hereinafter "D. #")).

Neither the Complaint nor the Amended Complaint make any allegation or mention of the payroll certifications submitted by Phase Tech in December of 2008 which have now magically morphed into the basis of the government's alleged FCA violations. There is absolutely no notice in the pleadings regarding what the Plaintiff is now claiming the alleged violations of the FCA are. (D. # 39). No discovery has been taken by Circle C regarding Phase Tech's payroll certificates as there is no allegation in the pleadings regarding Phase Tech's certificates. Only months after discovery was closed does the Plaintiff now raise new allegations regarding alleged false statements made by Phase Tech, a party that the government has already prosecuted, negotiated a complete and global settlement with, received the full settlement payment from Phase Tech and dismissed Phase Tech from this lawsuit. There has never been any allegation that any of Circle C's employees were miss classified or received less than the prevailing wage for any work performed on the contract.

2

The only allegation asserted by the Plaintiff in the pleadings is that Circle C should have included Phase Tech's employees in Circle C's own payroll certifications despite Circle C having no first hand knowledge of Phase Tech's employees, what work they were performing or how much Phase Tech was paying them.

**PLAINTIFF DID NOT IDENTIFY ANY EXPERT WITNESS(ES) OR PRODUCE ANY EXPERT DISCLOSURES OR REPORTS AND CANNOT NOW INTRODUCE THIRD PARTY OPINION TESTIMONY REGARDING CIRCLE C'S PAYROLL CERTIFICATIONS.**

Regarding the payroll certificates that were timely and properly submitted by Circle C throughout contract performance, the Plaintiff now attempts to offer third party expert opinion testimony attempting to establish that Circle C should have included Phase Tech's employees in Circle C's own payroll certifications. As briefed more fully in Circle C's Motion for Summary Judgment (D. # 85), which motion and memorandum in support thereof are incorporated herein by this reference, there can be no tenable argument that Circle C should have included information in its payroll certificates that it had no first hand knowledge of. No fact witness, or expert witness, for the government can argue that a party or person without first hand knowledge can properly certify anything. No fact witness, or expert witness, for the government can argue that a prime contractor can or should include employees that are employed by, supervised by, and paid by of a different company in its own payroll certifications. Neither the contract nor the Davis-Bacon Act allow Circle C to include other contractors' employees in Circle C's payroll certificates. The certification language that Circle C included in its payroll certifications specifically provided that the certifications only relate to Circle C Construction LLC employees that Circle C pays or supervises the payment of. (D. # 39, ¶ 25).

3

The Plaintiff cannot now, years after this case was initiated and many months after the close of discovery, attempt to establish completely new and different claims not pled through expert opinion testimony that Circle C's payroll certificates were false claims act violations because they did not include Phase Tech's employees. (D. # 74, p. 6). It must be noted that the contract does not allow Circle C to include Phase Tech's employees in Circle C's certified payrolls, the Davis-Bacon Act does not allow Circle C to include Phase Tech's employees in Circle C's certified payrolls, the certification language used by Circle C does not allow Circle C to include Phase Tech's employees in Circle C's certified payrolls.

In light of these deficiencies, Circle C respectfully requests that this Court strike the Plaintiff's motion for summary judgment in its entirety.

## RESPONSE TO MOTION FOR SUMMARY JUDGMENT IN THE ALTERNATIVE

The Plaintiff, as the movant, bears the burden of showing that no genuine issue of material fact exists. That is a burden that the Plaintiff has not met. Plaintiff ignores the facts of this case and seeks to rely on completely new allegations that have never been pled and to rely on previously undisclosed opinion expert testimony to establish facts that are not in the record and that are not contractual or statutory requirements to overcome the statutory language of the FCA to avoid a trial on the merits. The Plaintiff is well aware that it will be unsuccessful in a jury trial on this matter and is desperate to dispose of this case on a pretrial motion. That is something that this Court must not allow. Every material fact at issue in this case is disputed and the Plaintiff has not made a showing to the contrary. This is a case that involves confusion, mistakes, and missing subcontractor certified payrolls and that is not conduct to

4

Case 3:07-cv-00091 Document 90 Filed 12/09/09 Page 4 of 9 PageID #: 2135

which the FCA was intended to apply. Though the FCA is plain that proof of specific intent to defraud is not necessary, the mens rea requirement is not met by mere negligence or even gross negligence. *U.S. ex rel. Longhi v. U.S.*, 575 F.3d 458 (5th Cir. 2009) citing *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 338 (5th Cir. 2008). The only fact that matters for purposes of Plaintiff's Motion is that there are genuine factual disputes in this case that can only be properly resolved by a jury. This case is a case of missing paperwork, not false claims. Under the statutory definition of "knowing" conduct the Court is compelled to conclude that Circle C acted with reckless disregard with no intent or malice as required. As such, Circle C has not violated the False Claims Act. *Id.* at 937.

**THE FALSE CLAIMS ACT IS INAPPLICABLE TO MERE NEGLIGENCE**

There are numerous decisions across the country involving innocent mistakes or mere negligence where courts have indeed granted summary judgment – for the defendants. The Sixth Circuit has held that under the FCA standard, the plaintiff must adduce facts that establish more than mere innocent mistakes or negligence on the part of the defendants. *U.S. ex rel. Swafford v. Borgess Medical Center,* 24 Fed.Appx. 491 (6th Cir. 2001). In *U.S. v. Prabhu*, 442 F.Supp.2d 1008 (D.Nev. 2006) summary judgment was granted for the defendant because Medicare had not provided specific guidance on the billing that was at issue. The Court said, "The parties' various contentions demonstrate that at a minimum, reasonable persons can disagree regarding the respective billing requirements." *Prabhu* at 1016. Indeed, a number of facts demonstrate the general confusion regarding the appropriate billing codes. Even trained certified coding specialists can legitimately experience confusion when choosing an appropriate code. *Id.* at 1017. There's lots of confusion in this area. *Id.* Just as in the case at bar, Dr. Prabhu

5

had a visit from a Medicare representative who did not inform him that he was doing anything incorrectly. See *Id.* at 1017-18. Moreover, Medicare continued to approve payments and did not assert that Dr. Prabhu provided ineffective or worthless services to his patients. *Id.* at 1021. In the present case, the Plaintiff cannot identify any contract requirement, regulations, statute or authority of any kind, that would allow Circle C to incorporate Phase Tech's employees on Circle C's payroll certificates. Additionally, as more fully briefed in Circle C's motion for summary judgment, the contracting agency administering the contract has continued to approve all work performed by Circle C and continued to pay Circle C for all of the work is continues to perform under the contract. The contract provides very specific regulations that must be followed by the government if there is a dispute regarding the wage and hour classifications or payments made and the Plaintiff has never made any attempt to follow the contract procedures that are mandated in the contract and the Davis-Bacon Act. Rather than complying with the contract and statutory requirements, the Plaintiff simply picks and choosing a small minority of the Davis-Bacon Act regulations and alleges that Circle C has violated the act when the act has very specific remedies that the government has ignored.

     Claims are not false under the FCA unless they are furnished in violation of some controlling rule, regulation, or standard. See *Id.* citing *United States ex rel. Local 342 v. Caputo Co.,* 321 F.3d 926, 933 (9th Cir. 2003). There are no false statements in Circle C's payroll certificates and no allegation regarding Phase Tech's payroll certificates have been pled and there can be no false claim. Additionally, claims are not "false" under the FCA when reasonable persons can disagree regarding whether the service was properly billed to the government. *Id.* at 1026 citing *United States ex rel. Lamers v. City of Green Bay*, 168 F.3d

6

1013, 1018 (7th Cir. 1999). The FCA knowledge standard does not extend to honest mistakes, but only to "lies." *Id.* at 1029. Thus, a Defendant does not "knowingly" submit a "false" claim when his conduct is consistent with a reasonable interpretation of ambiguous regulatory guidance. *Id.* citing *United States ex rel. Swafford v. Borgess Med. Ctr.*, 98 F.Supp.2d 822, 831-32 (W.D.Mich. 2000). Requisite intent is the knowing presentation of what is known to be false, as opposed to innocent mistake or mere negligence. *Id.* Congress specifically amended the FCA to include this definition of scienter, to make firm its intention that the Act not punish honest mistakes or incorrect claims submitted through mere negligence. *Id.* The Court in *Prabhu* ruled in Defendant's favor because the evidence demonstrated that he did not knowingly submit any false claims because his billing practice conformed to a reasonable interpretation of ambiguous regulations that he, and his staff, believed in good faith were proper. *Id.* at 1030.

In *United States ex rel. Quirk v. Madonna Towers, Inc.,* 278 F.3d 765, 768-69 (8th Cir. 2002) the Court found that there was no violation of the FCA despite the fact that the defendants had refrained from obtaining guidance regarding the questioned practice because they considered the billing practice to be an acceptable standard procedure and no evidence was produced to suggest that they were lying to the government. Courts have routinely ruled that where, at worst, all that exists are disputed legal issues regarding whether a service was properly billed, the government cannot prove falsity as a matter of law. *Prabhu* at 1031. Legal dispute is insufficient to establish FCA liability because a defendant's decision in the face of a dispute over the requirements of governing regulations is insufficient to constitute falsity. *24 Fed.Appx. 491* (6th Cir. 2001).

7

**False Claims Act Violations must involve Government Treasury.**

In this case, even if all allegations alleged by the government are true, the government has not suffered any loss or damage. The government has not paid for any work that has not been completed in compliance with the contract specifications and plans, inspected by the government, approved by the government and paid for by the government. There is absolutely no allegation that the electrical work does not comply with the plans and specifications, only the there may have been Phase Tech employees that were not paid properly. There is no dispute that Phase Tech received sufficient funds to pay its employees the proper wages and Phase Tech certified that it was paying its employees proper wages throughout contract performance. Even if it is assumed that the government's allegations are correct, the only damages suffered would be to Phase Tech's employees. As the government has prosecuted, investigated and settled with Phase Tech regarding all allegations involving Phase Tech's employees on the project, any claim by a Phase Tech employee should have been collected and paid from the settlement proceeds that Phase Tech has paid to the Plaintiff.

For the reasons stated above, Defendant, Circle C, respectfully requests the Court deny Plaintiff's motion for summary judgment in its entirety.

Respectfully submitted,

FURMAN NILSEN & LOMOND, PLLC


/s/ D. Sean Nilsen            .
D. Sean Nilsen
2527 Nelson Miller Pkwy., Suite 101
Louisville, Kentucky 40223
(502) 245-8883

*Counsel for Defendant,
Circle C Construction, LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Memorandum in Support of Motion for Summary Judgment was served via ECF to the following, on this the 8th day of December, 2009, upon:

Ellen Bowden McIntyre
Assistant United States Attorney
Suite A-961
110 Ninth Avenue South
Nashville, TN 37203

Perry Craft
Matthew Write
214 Centerview Drive, Suite 233
Brentwood, TN 37027

Daniel Mark Nolan
Batson, Nolan, Williamson, Pearson & Miller
P.O. Box 0
121 S. Third Street
Clarksville, TN 37041-1344

Jennifer A. Deen
Batson, Nolan, Williamson, Pearson & Miller
P.O. Box 0
121 S. Third Street
Clarksville, TN 37041-1344

/s/ D. Sean Nilsen                .