# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

UNITED STATES OF AMERICA )
*ex rel.*, BRIAN WALL, )
        )     NO. 3:07-0091
     Plaintiff, )     JUDGE HAYNES
        )
v. )
        )
CIRCLE C CONSTRUCTION, )
        )
     Defendant. )

## MEMORANDUM

Before the Court are the Defendant's Circle C Construction, LLC's motion to alter or amend judgment under Fed. R. Civ. P. 59(e) (Docket Entry No. 110) and motion to correct its filing date (Docket Entry No. 115) to which the United States filed responses (Docket Entry Nos. 116 and 117) and to which the Defendant filed a reply (Docket Entry No. 118). Of the pending motions, the Court addresses first the Defendant's motion to correct its filing date.

Judgment in this action was entered on March 22, 2010. (Docket Entry No. 109). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. C. P. 59(e). Thus, Circle C's motion had to be filed by April 19, 2010, but was not filed until April 20, 2010. The Court concludes that the Defendant's motion is untimely. Circle C cites the attachments to its motion to alter or amend as too big for electronic filing and as causing Circle C to file its motion on April 20th. (Docket Entry No. 115-1). The United States responds that any difficulty in filing the exhibits does not excuse Circle C's failure to file the motion and supporting memorandum timely on April 19, 2010. From the Court's perspective, the motion could have been filed timely and the attachments could have

been filed separately.

In any event, a Rule 59 motion can be granted only, "if there is a clear error of law, . . . newly discovered evidence, . . . an intervening change in controlling law, . . . or to prevent manifest injustice." Gencorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citation omitted). "To constitute 'newly discovered evidence," the evidence must have been previously unavailable." Id. Otherwise, reopening the case "would subvert the judicial imperative of bringing litigation to an end." Id.

Circle C first asserts that the United State's proof did not satisfy the essential elements of its claims, including damages, by a preponderance of the evidence. For its contention, Circle C submits new affidavits with new supporting documentation. Yet, Circle C has not shown this evidence was previously unavailable. Circle C's motion papers reflect that "[t]his information was [previously] provided to the Government" by Circle C. (Docket Entry No. 110-1 at 6). Thus, this evidence is not "newly discovered," as required by Rule 59(e) judgment.

In any event, this information reflects that Circle C paid only $86,932.67 for its labor costs. The measure of damages here is the amount that the United States would not have paid, but for the Defendant's fraudulent conduct. (Docket Entry No. 107, Memorandum at 20). Circle C does not cite any law to dispute the Court's conclusion. The only undisputed fact is that "the Army paid five hundred fifty-three thousand eight hundred seven dollars seventy-one cents ($553,807.71) that would not have been paid if the United States had known about Circle C's certifications." Id. This contention lacks merit.

Circle C next argues that the judgment is unconstitutional, as the actual damages grossly exceed the judgment amount. The maximum amount of damages is not limited to the two named

2

persons in the complaint who were paid less than the Davis-Bacon Act wages requires. The United States is not required to audit Phase Tech. The United States's proof on what the United States would not have paid but for the fraud, is sufficient. Circle C's unconstitutional argument is not a basis to alter the judgment.

Circle C next argues that the Court "refused to address Circle C's argument that the Government's Amended Complaint fails to state a claim with the required Rule 9(b) particularity." The Court expressly considered this argument and found the argument meritless.

> These motions [concerning Rule 9(b) and another issue] were filed after that deadline for dispositive motions in the Court's case management order. The Court deems Circle C's motion to be untimely. The Clerk's office technical error does not allow Circle C to file its motion to dismiss. "Ordinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings. If a party engages in excessive delay before moving under Rule 12(c), the district court may refuse to hear the motion on the grounds that its consideration will delay or interfere with the commencement of the trial." 5C Wright & Miller, Fed. Practice & Proc. § 1367, AT 215-16 (3d ed. 204). A Rule 12(b) motion "must be made before pleading if a responsive pleading is allowed." Thus, Circle C's answer precludes a motion to dismiss.

(Docket Entry No. 107, Memorandum at 2-3). Circle C's motion does not challenge the basis for this ruling. Thus, Circle C does not meet Rule 59(e)'s requirements.

Circle C's final argument is that joint liability against multiple defendants renders the Court's judgment internally inconsistent in light of the United States's settlement with co-Defendant Phase Tech. Specifically, Circle C contends that the United States's settlement with Phase Tech precludes any judgment against Circle C. For violations of the FCA, "contribution and indemnification are unavailable among joint tort feasons under the False Claims Act." Miller v. Holtman, 563 F.Supp.2d 54, 1244 (D.D.C. 2008) (citations omitted).

For these reasons, the Court concludes that Circle C's motion to alter or amend the

3

judgment should be denied.

It is so **ORDERED**.

**ENTERED** this the ___16th___ day of June, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

4