# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| *ex rel.* BRIAN WALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-cv-00091 |
| v. ) | |
| ) | Judge Sharp |
| CIRCLE C CONSTRUCTION, ) | |
| LLC ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Presently pending before the Court is Defendant Circle C Construction, LLC's ("Circle C") Motion for Attorney's Fees. (Docket No. 340). The United States, Plaintiff in this action, has filed a Response in Opposition to the request for fees. (Docket No. 341). For the reasons set forth below, Circle C's Motion will be denied.

## I.  Circle C's Request for Fees

This case arises from Circle C's submission of payroll certifications to the Department of the Army. The certifications falsely stated that the company met the requirements of the Davis-Bacon Act when it constructed buildings at the Fort Campbell military facility. In truth, several subcontracted electricians who worked on the buildings were underpaid in violation of the Davis-Bacon Act. Relator Brian Wall initiated suit under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and the United States intervened in the action. In 2010, the Government prevailed on its Motion for Summary Judgment. United States ex rel. Wall v. Circle C Const., LLC, 700 F. Supp. 2d 926, 940 (M.D. Tenn. 2010) (decision by Judge William J. Haynes) ("Wall I"). Circle C appealed Judge Haynes's grant of summary judgment to the Sixth Circuit

1

Court of Appeals, which affirmed the decision that Circle C was liable for violating the FCA by submitting false payroll certifications about its subcontracted electrical workers. Finding that more detail was necessary to support the damages award, the Sixth Circuit remanded the case for recalculation of the Government's actual damages, or "the difference between what it paid and what it should have paid for the goods." U.S. ex rel. Wall v. Circle C Const., L.L.C., 697 F.3d 345, 358 (6th Cir. 2012) ("Wall II").

The case eventually landed before this Court, which oversaw a bench trial on damages in March 2014. After trial, this Court determined that the Government's actual damages were $259,298.18 under a "tainted work" theory and awarded the Government treble damages in accordance with the FCA. Circle C again appealed to the Sixth Circuit, which reversed the damages award and instructed this Court to enter judgment in favor of the Government in the amount of $14,748.[1] The Court entered the final judgment and subsequently awarded court costs to Relator Brian Wall. The Court denied Relator's request for attorney fees. Circle C now brings its own request for attorney fees.

Specifically, Circle C seeks fees under two provisions of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. First, Circle C asserts entitlement to fees "if it is the prevailing party" under 28 U.S.C. § 2412(d)(1)(A). The Court has already noted that the Government is the prevailing party in this case, (Docket No. 337 at 2), and has entered judgment in favor of the Government, (Docket No. 338). Section 2412(d)(1)(A) is therefore inapplicable. Circle C's other argument, to which they devote much more attention, is that an award of attorney fees is appropriate under Section 2412(d)(1)(D), which provides in pertinent part:

> If, in a civil action brought by the United States . . ., the demand by the United States is substantially in excess of the judgment finally obtained by the United

---

[1] This amount reflects the backpay owed to the electricians, trebled, minus a settlement the Government already received from one of the subcontractors.

2

> States and is unreasonable when compared with such judgment, under the facts and circumstances of the case, the court shall award to the party the fees and other expenses related to defending against the excessive demand, unless the party has committed a willful violation of law or otherwise acted in bad faith, or special circumstances make an award unjust.

The EAJA defines a "demand" by the United States as "the express demand of the United States which led to the adversary adjudication," excluding "a recitation of the maximum statutory penalty (i) in the complaint, or (ii) elsewhere when accompanied by an express demand for a lesser amount." 28 U.S.C. § 2412(d)(2)(I).

Before a court can award fees under this provision, it must find that a comparison of the demand and the judgment finally obtained indicate that the demand was "unreasonable . . . under the facts and circumstances of the case." 28 U.S.C. § 2412(d)(1)(D). The legislative history indicates that Congress did not intend fees to issue under subsection (d)(1)(D) "as a matter of course" but instead sought to root out occasions on which a government agency fails to make a "reasonable effort to match the penalty to the actual facts and circumstances of the case." 142 Cong. Rec. S3244-02 (daily ed. March 29, 1996). The legislative history also reveals that Congress meant to provide courts with a "safety valve" to deny fees where there exist "special circumstances that would make such an award unjust." Id. Accordingly, courts are not to view a request for fees under Section 2412(d)(1)(D) as a "simple mathematical equation." Id.

Here, the ultimate judgment secured by the Government was substantially smaller than the Government's initial demand. Still, the Court does not find that the discrepancy between the demand and judgment renders the demand unreasonable in light of the facts and circumstances. The Government's damages theory was validated by two separate district courts, including this one. While those decisions no longer stand, they indicate that the Government behaved reasonably in pursuing its demand. Indeed, the Government could hardly be expected to

abandon a damages theory that had twice been accepted by courts. Moreover, the Government's initial damages demand represented only a fraction of what the Government actually paid to Circle C for the Fort Campbell construction, demonstrating the Government's reasonable efforts throughout the case to cabin its demand to the specific buildings affected by the electricians' underpayment. (Docket No. 323 at 11-12). Putting aside the mathematical disparity between the damages demand the eventual award, the facts and circumstances of this case indicate that the Government behaved reasonably in conducting this litigation.

In sum, the purposes of the EAJA would not be served by an award of fees in this case. Viewing the case in its entirety, the Government's conduct in pursuing its damages theory was not unreasonable. Therefore, the Court finds that the EAJA does not entitle Circle C to an award of any of attorney fees.

## II.  Conclusion

For the reasons set forth above, the Court hereby rules that Circle C's Motion for Attorney's Fees, (Docket No. 340), is hereby DENIED.

It is SO ORDERED.

_Kevin H. Sharp_
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE